### J. M. BUCKLEY *v.* A. L. THORNTON.

**Chattel Mortgages — Balance Due — Replevin — Trustee.**

> Where mortgagor pays all but a small part of the debt when due, and the trustee takes possession of the property, replevin by the mortgagor against the trustee will not lie.

Replevin in justice of the peace court by J. M. Buckley against A. L. Thornton for a bay mare and cow.

From a judgment for plaintiff there was appeal to the Circuit Court. The evidence in the Circuit Court showed that Buckley had borrowed from one Smith $103.79 to pay off a debt due to Haralson, and had executed his note to Smith in the sum of $128.79, due sixty days from date, Smith charging Buckley $25 for the use of the money for the sixty days.

Buckley executed and delivered to A. L. Thornton, as trustee, a deed in trust on one bay mare and one cow to secure the prompt payment of the debt. Plaintiff testified that all of the debt except something over $3 had been paid when due.

Buckley failing to pay this balance, the trustee took the security; whereupon Buckley instituted replevin against the trustee to recover possession of the property.

From a judgment for defendant there was an appeal to the Supreme Court.

---

To maintain replevin the plaintiff must have the right to the immediate possession of the property sued for. Fritzell *v.* White, 5 Cush. 198; Lloyd *v.* Goodwin, 12 S. & M. 223.

APPEALED from Circuit Court, Scott county, A. G. MAYERS, Judge.

Affirmed, October 25, 1886.

*Attorney for appellant, D. C. Wasson.*

*Attorney for appellee, J. K. P. Palmer.*

Brief of D. C. Wasson:

* * * It seems to me that nothing more is required than an inspection of the record to ascertain that the case ought to be reversed. Buckley testified that the note was given for $103.70, money advanced by Smith to pay Haralson, and $25 interest for sixty days. Buckley testified further that he had paid all the note except $3.79. To otherwise state, he had paid the $103.70 and about $22 of the unlawful interest (more than could have been collected by law unless it can be done in this indirect way). Three questions are to be considered. First, could Buckley by paying off the principal and $22 of the unlawful interest treat the $3.79 balance as paid, and maintain his action of replevin? Second, did Buckley give his consent for Thornton to take the property? Third, admitting that Buckley consented for Thornton to take the property under a mistaken idea of his (B) rights, was he estopped from bringing his action of replevin on discovery of his rights?

As to the first proposition, I maintain that Buckley had a right to pay the principal and treat the $25 usurious interest as paid and bring his action of replevin. Section 1141, Code 1880 (the law under which this contract was made), expressly says: " and if a greater rate of interest than *ten* per cent. shall be stipulated for in any case, *all* interest shall be forfeited." The law itself makes the forfeit and needs no action on the part of the debtor but to show the facts that establish the *fact* that more than 10 per cent. has been incorporated in the contract.

This contract is condemned by law as usurious, and certainly Buckley had a right to so treat it. It seems to me it is beyond dispute Buckley was entitled to maintain this action if it is true he had paid all of the note except $3.79, and as to this there is no dispute. * * *

Brief of J. K. P. Palmer:

* * * The only payment made on the debt as shown by the

testimony was a note on Fairchild in favor of Buckley for $100. Buckley say that this note was given at the time he gave the note to Smyth for the borrowed money.   *   *   *

If he had paid all of the Smyth note except $3.79, he fails to show at what time he paid, after suit or before, and as this is a fact on which he must predicate his right to recover of the trustee, he should have shown that fact, because his right to recover depends on the facts as they exist at the time of the suing out of the writ, and not at the date that a witness testifies.   *   *   *

OPINION.— COOPER, C. J.:

The plaintiff, by his own testimony, showed that a part of the debt secured by the deed of trust was unpaid, and this being true, he could not recover the property from the trustee.

The judgment is *affirmed.*